PRYOR CASHMAN LLP
Marie Polito Hofsdal
Todd E. Soloway
Joshua Weigensberg
7 Times Square
New York, New York 10036-6569
Telephone: (212) 421-4100
Facsimile: (212) 515-6962
mhofsdal@pryorcashman.com
tsoloway@pryorcashman.com
jweigensberg@pryorcashman.com

*Attorneys for Pryor Cashman LLP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
In re:

416 8th AVENUE BBQ, LLC,

                                   Debtor.
------------------------------------------------------------------------X

Chapter 11

Case No. 19-35778 (CGM)

**RESERVATION OF RIGHTS OF PRYOR CASHMAN LLP TO MOTION OF DEBTOR**
**SEEKING AN ORDER AUTHORIZING DISMISSAL OF THE CHAPTER 11**

     Pryor Cashman LLP ("Pryor Cashman"), by and through its undersigned counsel, hereby

submits this Reservation of Rights (the "Reservation") to the Debtor's Motion Seeking an Order

Authorizing Dismissal of the Chapter 11 [Dkt. No. 52] (the "Motion"). In connection with the

Reservation, Pryor Cashman respectfully represents as follows:

     1.      On May 10, 2019 (the "Petition Date"), 416 8th Avenue BBQ, LLC (the "Debtor")

filed a Voluntary Petition (the "Petition") for relief under Chapter 11, Title 11 of the United

States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern

District of New York (the "Bankruptcy Court") [Dkt. No. 1].

     2.      The Debtor is authorized to continue to operate its business and manage its

properties as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.     Pursuant to Schedule E/F filed by the Debtor [Dkt. No. 17], Pryor Cashman is listed as an unsecured creditor of the Debtor.  The claim is listed as disputed in an unknown amount.

4.     On June 25, 2019, the Debtor's landlord filed a motion for relief from the automatic stay and for other relief based on the Debtor's failure to pay prepetition and postpetition rent payments and other charges (the "Stay Relief Motion"). [Dkt. No. 41].

5.     Debtor did not file opposition to the Stay Relief Motion. On July 16, 2019, the Court granted the Stay Relief Motion in favor of the landlord.

6.     On July 17, 2019, Debtor filed the instant Motion seeking to voluntarily dismiss these Chapter 11 proceedings. [Dkt. No. 52]. The Motion did not include a proposed form of order.

7.     Pryor Cashman has no objection to the Debtor's request to have these proceedings dismissed. In fact, Pryor Cashman believes the Debtor filed the Petition in an effort to frustrate Pryor Cashman's efforts to collect debts owed to it by James Goldman ("Goldman") and Dining Entertainment Group, LLC ("DEG") and delay and hinder state court litigation Pryor Cashman has pending against the Debtor, Goldman, DEG and the Debtor's corporate parent ACC BBQ LLC ("ACC"), among others, to collect nearly $400,000 in legal fees and costs owed to Pryor Cashman and to undo a series of fraudulent transfers of assets out of DEG, including one or more transfers to the Debtor.

8.     Pryor Cashman seeks to reserve all of its rights with respect to the form of order submitted to this Court for entry of the Motion. In particular, Pryor Cashman seeks to ensure that the proposed form of order does not contain findings of fact or conclusions of law that have not

been properly presented to this Court or includes summaries or statements concerning agreements with other creditors or interested parties that have not been presented to the Court and the creditors on proper notice.

9.      Paragraph 25 of the Motion mentions that the Debtor's landlord was preparing a stipulation granting the Lift Stay Motion and providing the Debtor with the landlord's conditions for an orderly surrender of the leased premises.

10.     No such stipulation was filed with the Court. Instead, the Debtor presented a form of Consent Order that granted the Lift Stay Motion and permitted the Debtor to reject the subject lease effective July 31, 2019 (the "Consent Order") [Dkt. No. 54].

11.     The Consent Order did not contain any conditions for an orderly surrender of the leased premises. The Consent Order merely surrenders the leased premises as is, including a reservation of secured creditors' rights to any assets abandoned at the leased premises.

12.     To the extent that an agreement exists between the Debtor and the landlord concerning the orderly surrender of the leased premises, ***Pryor Cashman hereby requests that a copy be presented to all creditors for their review, together with any other agreement or agreements entered into between the Debtor and the landlord concerning the settlement of their dispute or the resolution of this proceeding.***.

13.     As such, Pryor Cashman hereby reserves all of its rights with respect to the Motion, including, but not limited to, the right to file a supplemental and substantive response to

the proposed form of order granting the Motion prior to its entry by this Court.

Dated:      New York, New York
             August 7, 2019

                            PRYOR CASHMAN LLP

                            */s/ Marie Polito Hofsdal*
                            Marie Polito Hofsdal
                            Todd E. Soloway
                            Joshua Weigensberg
                            7 Times Square
                            New York, New York  10036-6569
                            Telephone: (212) 421-4100
                            Facsimile: (212) 326-0806
                            mhofsdal@pryorcashman.com
                            tsoloway@pryorcashman.com
                            jweigensberg@pryorcashman.com

                            *Attorneys for Pryor Cashman LLP*